THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELSIE A. ORELLANO-LAUREANO,**<br><br>    *Plaintiff*,<br><br>v.<br><br>**INSTITUTO MEDICO DEL NORTE, INC.,** *et al.*,<br><br>    *Defendants.* | Civ. No. 22-01322 (MAJ) |

**OPINION AND ORDER**

On July 6, 2022, Elsie A. Orellano-Laureano ("Plaintiff") filed the instant action against Instituto Medico del Norte, Inc. and other unnamed insurance companies and individuals ("Defendant"). (**ECF No. 1**). On February 8, 2023, Plaintiff filed an Amended Complaint asserting the following claims: (1) disability discrimination, in violation of the Americans with Disabilities Act ("ADA") and Puerto Rico's Law No. 44 of July 2, 1985 ("Law 44"), 1 L.P.R.A. § 501 *et seq.*; (2) retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), Puerto Rico's Law No. 115 of December 20, 1991 ("Law 115"), 29 L.P.R.A. § 194 *et seq.*, and Section 16 of Article II of the Constitution of the Commonwealth of Puerto Rico ("Section 16"); (3) wrongful termination, in violation of Puerto Rico's Law No. 80 of May 30, 1976 ("Law 80"), 29 L.P.R.A. § 185a *et seq.*; and (4) tort damages, pursuant to the Puerto Rico Civil Code. (**ECF No. 23 at 2 ¶ 3**).

On February 23, 2023, Defendant filed a Partial Motion to Dismiss. (**ECF No. 24**). Defendant's Partial Motion to Dismiss seeks dismissal based on the following: (1) Plaintiff's federal retaliation claim is time-barred; (2) the tort law damages under the Puerto Rico Civil Code are barred by nature of them being under a "general statute"; and

(3) Plaintiff's claim under the Constitution of the Commonwealth of Puerto Rico should similarly be dismissed. *Id.* at 1. On April 26, 2023, Plaintiff responded to the Motion to Dismiss. (**ECF No. 36**). For the reasons stated hereafter, the Court grants Defendant's Partial Motion to Dismiss. (**ECF No. 24**).

## I. Background

Plaintiff is a dietician currently domiciled in Florida. (**ECF No. 1 at 3 ¶ 10**). Defendant is a hospital operating in Vega Baja, Puerto Rico. *Id.* at ¶ 11. She began her employment with Defendant in September 2017 as a Clinical Dietician. *Id.* at ¶¶ 18-19. Thereafter, she alleges she was promoted to Clinical Supervisor, and then Director of the Department of Nutritional Services ("Director").[1] *Id.* at 5 ¶ 21. As Director, Plaintiff alleges her responsibilities included having to:

> (1) Oversee and monitor the assessments of Clinical Dieticians with each patient of the Defendant;
> (2) Oversee and supervise the purchases of foods to be provided to patients and clients;
> (3) Oversee and monitor the cafeteria of the Defendant;
> (4) Supervise the employees of the Defendant, such as Clinical Dieticians and Cafeteria Employees;
> (5) Oversee and monitor that the employees under the Plaintiff's supervision comply with the health regulations of state and federal level; and
> (6) Dealing with any other functions and duties reasonabl[y] related to the beforementioned.

*Id.* at 5 ¶ 22. Plaintiff alleges that during her tenure as Director, the cafeteria had been suffering from low employee numbers. *Id.* ¶ 25. As a result, the existing employees were overworked, the quality of service decreased, and she was forced to close the cafeteria on

---

[1] Plaintiff states she was the "*de facto* Director of the Department of Nutritional Services since April 2019 because the prior Director was suffering from cancer treatment and she was absent throughout 2019 and 2020." (**ECF No. 23 at 5 ¶ 23**) (emphasis in original). It is unclear when or if she was ever formally promoted to this position.

occasion in order to abide by state and federal health regulations.² *Id.* at 6 ¶¶ 27-28. Accordingly, she alleges she "constantly" made requests to Defendant's Human Resources Department ("HR Department") to hire more employees. *Id.* ¶ 26.

In April 2021, Plaintiff filed a complaint against Jenny Gomez—an official employed by Defendant—for creating a hostile work environment. *Id.* at 7 at ¶ 34. Thereafter, in May 2021, Plaintiff requested a leave of absence from June 9, 2021, to June 24, 2021, to address health concerns she would be undergoing surgery for. *Id.* ¶¶ 36-37. Plaintiff alleges she suffers from a disability that affects the major life activities of waste elimination, standing, and sitting. (**ECF No. 23 at 4 ¶¶ 15-17**). Prior to leaving in June 2021, Plaintiff informed the President of the hospital that the cafeteria still suffered from low employee numbers, and that she would be taking a leave of absence. *Id.* ¶¶ 38-39. The President acknowledged he was aware of the situation. *Id.* ¶ 40.

On June 24, 2021, Plaintiff returned to work where she continued working as the Director. *Id.* at 8 ¶ 41. On July 9, 2021, she alleges she was forced to close the cafeteria due to being short staffed. *Id.* ¶ 42. On July 13, 2021, Plaintiff alleges she was summoned to a meeting where she was informed verbally that she was being terminated for closing the cafeteria without authorization, and for failing to reduce employees' overtime. *Id.* ¶ 44. Plaintiff asserts this was a shock to her, as she had the authority to close the cafeteria and Defendant was well aware of the staffing shortages and consequent overtime hours problem she was facing. *Id.* at 8 ¶ 45, 9 ¶ 49. As such, Plaintiff maintains she was actually terminated in retaliation for filing a complaint against Jenny Gomez, and because she is being discriminated against due to her disability. *Id.* at 8 ¶ 46. She asserts she timely filed

---

²      Notably, Plaintiff alleges she closed the cafeteria in April 2021 for training purposes, to which she was not reprimanded. *Id.* at 7 ¶ 33.

charges of discrimination "before the respective agency within three hundred (300) days after the adverse employment action." *Id.* at 3 ¶ 8. On December 23, 2022, Plaintiff received the Notice of Right to Sue from the EEOC. *Id.* So followed this action.

## II. Legal Standard

When addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Courts should "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff []." *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009) (citing *Fitzgerald v. Harris*, 549 F.3d 46, 52 (1st Cir. 2008). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [with] more than labels and conclusions." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008); *see also Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("[I]n order to 'show' an entitlement to relief, a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (quoting *Twombly*, 550 U.S. at 555). Thus, a plaintiff is required to present allegations that bring "their claims across the line from conceivable to plausible" to comply with the requirements of Rule 8(a). *Twombly*, at 570; *see, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's analysis occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662. "Context based" means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, at 680-81 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory

statements). First, the Court must "accept as true all of the allegations contained in a complaint [,]" discarding legal conclusions, conclusory statements, and factually threadbare recitals of the elements of a cause of action. *Iqbal*, at 678; *see also Mead v. Independent Ass'n*, 684 F.3d 226, 231 (1st Cir. 2012) ("Any statements in the complaint that are either legal conclusions couched as facts or bare bones recitals of the elements of a cause of action are disregarded." (citing *Iqbal*, at 678; *Ocasio-Hernández*, at 12)).

In the second step of the analysis, the Court must determine whether, based on all assertions not discarded in the first step, the complaint "states a plausible claim for relief." *Iqbal*, at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or, instead, whether dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted. *Id*.

"To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim for relief." *Doe v. Stonehill College, Inc.*, 55 F.4th 302, 316 (1st Cir. 2022) (citing *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id*. at 682 (citing *Twombly*, 550 U.S. at 567).

The First Circuit has warned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550

U.S. at 556); *Ocasio-Hernández*, at 12 (citing *Iqbal*, at 681); *see also Twombly*, at 556 ("[A] well-pleaded complaint may proceed even if it appears that a 'recovery is very remote and unlikely.'" (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))); *Ocasio-Hernández*, at 12 ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" (citing *Twombly*, at 556)). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29 (citing *Iqbal*, at 678-79).

But a complaint that rests on "bald assertions" and "unsupportable conclusions" will likely not survive a motion to dismiss. *See Alston v. Spiegel*, 988 F.3d 564, 573 (1st Cir. 2021) (quoting *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 55 (1st Cir. 2006)). Similarly, bare factual assertions as to the elements of the cause of action are inadequate as well. *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595-96 (1st Cir. 2011) (citing *Sanchez v. Pereira-Castillo,* 590 F.3d 31, 49 (1st Cir. 2009); *Maldonado v. Fontanes*, 568 F.3d 263, 274 (1st Cir. 2009)). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Peñalbert-Rosa*, 631 F.3d at 596.

Importantly, "[t]he test is somewhat different for 12(b)(6) motions based on a statute of limitations defense. The Court may grant a motion to dismiss on a limitations defense '*only* if the facts, so derived and viewed in the requisite perspective, "leave no doubt that an asserted claim is time-barred."'" *López-Rivera v. Hosp. Auxilio Mutuo, Inc.*, 290 F. Supp. 3d 137, 141 (D.P.R. 2017) (quoting *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008)).

Finally,

> [a]t the Court's discretion, if it chooses to consider materials outside the pleadings, a motion to dismiss should be converted to a motion for summary judgment. Although documents not attached to the complaint are prohibited unless the proceeding is properly converted into one for summary judgment under Rule 56, see FED. R. CIV. P. 12(b)(6), courts have made exceptions 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'

*Rivera v. Marriott Intl., Inc.,* 456 F. Supp. 3d 330, 335–36 (D.P.R. 2020) (underline omitted) (citation omitted) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). A Court may also consider "'concessions' in plaintiff's 'response to the motion to dismiss.'" *Rivera,* 456 F. Supp. 3d at 335 (*quoting Nieto-Vicenty v. Valledor*, 984 F. Supp. 2d 17, 20 (D.P.R. 2013)).

### III. Applicable Law and Analysis

Defendant's Partial Motion to Dismiss seeks dismissal for the following reasons: (1) Plaintiff's federal retaliation claim is time-barred; (2) the tort law damages under the Puerto Rico Civil Code are barred; and (3) Plaintiff's claim under the Constitution of the Commonwealth of Puerto Rico should similarly be dismissed, as the Constitution is a general statute. (**ECF No. 24 at 1**). Each will be addressed in turn.

### A. Retaliation Claim

"Litigation is 'not a remedy of first resort' for either discrimination or retaliation cases." *Rivera-Díaz v. Humana Ins. of Puerto Rico, Inc.,* 748 F.3d 387, 389 (1st Cir. 2014) (quoting *Jorge v. Rumsfeld*, 404 F.3d 556 at 564 (2005)). "Rather, a would-be plaintiff must first exhaust his administrative remedies." *Rivera-Díaz*, 748 F.3d at 389. "As a general rule, Title VII requires plaintiffs to file a retaliation charge within 180 days of the alleged act of retaliation." *Velázquez-Pérez v. Developers Diversified Realty Corp.*, 753

F.3d 265, 276 (1st Cir. 2014) (citing 42 U.S.C. § 2000e-5(e)(1)). However, in "deferral" jurisdictions, where States or local agencies have the authority to grant the relief requested, the filing period expands to 300 days. *Velazquez-Perez,* 753 F.3d at 276 (quoting 42 U.S.C. § 2000e-5(e)(1)); *see also Rivera-Diaz,* 748 F.3d at 390 (explaining that the deferral jurisdictions in which States or local agency may grant or seek relief apply the longer 300 day filing period). "Thus, the questions here are (1) whether [Plaintiff] 'initially instituted proceedings with a State or local agency,' specifically the Antidiscrimination Unit of the Puerto Rico Department of Labor and Human Resources, and (2) whether that state agency had 'authority to grant or seek relief from the [challenged] practice.'" *Velazquez-Perez,* 753 F.3d at 276 (quoting 42 U.S.C. § 2000e-5(e)(1)). Nonetheless, the Commonwealth of Puerto Rico Department of Labor is recognized as a Federal Employment Practice Agency in cases of retaliation *only* when the charges stem from alleged sexual harassment. *Rivera-Díaz,* at 390 (citing 29 C.F.R. § 1601.74 n.6).

Plaintiff claims her termination was in retaliation for filing a complaint against Defendant's employee, Jenny Gomez, for creating a hostile work environment. (**ECF No. 23 at 8 ¶ 46**). In so alleging, Plaintiff claims she timely filed a charge of retaliation before the "respective agency within three hundred (300) days after the adverse employment action." *Id.* at 3 ¶ 8.

In its Motion to Dismiss, Defendant maintains Plaintiff's retaliation claim under Title VII is time-barred. (**ECF No. 24 at 5**). In support, Defendant attaches the charge

Plaintiff filed with the Antidiscrimination Unit ("ADU")[3] on May 6, 2022.[4] (**ECF No. 24-1 at 1**). To reiterate, Plaintiff alleges the retaliatory act took place on July 13, 2021, thus, the May 6, 2022, filing was exactly 298 days after the incident and—as Defendant maintains—was well beyond the applicable window. (**ECF No. 23 at 1 ¶ 1**).

In response, Plaintiff offers two arguments: (1) she submitted the charge within the designated time frame; hence she satisfies the relevant plausibility standard and survives the Motion to Dismiss; and (2) the work sharing agreement between the ADU and Equal Employment Opportunity Commission ("EEOC") allows for tolling of her filing such that she is not time-barred. (**ECF No. 36 at 6-12**).

As was mentioned, the ADU is only authorized to provide relief for retaliation claims stemming from alleged sexual harassment. *Rivera-Díaz,* at 390 (citing 29 C.F.R. § 1601.74 n.6). Thus, the expanded limitations period of 300 days is only applicable to retaliation claims originating in claims of sexual harassment. Because the instant action is not related to sexual harassment, the 180-day window applies with respect to Plaintiff's retaliation claim. "Unexcused failure to meet this deadline forecloses recourse to the courts." *Id.* (citing *Jorge,* 404 F.3d at 558-59). Accordingly, Plaintiff's claim is time-barred; and her arguments to the contrary do not save her claim.

First, Plaintiff is correct that at this stage in the proceedings *Iqbal* and *Twombly* dictate the "plausibility standard" is to be applied. *Twombly*, 550 U.S. 544; *Iqbal*, 556

---

[3]     ADU is the equivalent of the Commonwealth of Puerto Rico Department of Labor, which is recognized as a Federal Employment Practice Agency in cases of retaliation only when the charges stem from alleged sexual harassment. *Rivera-Díaz,* at 390 (citing 29 C.F.R. § 1601.74 n.6).

[4]     As a reminder, in evaluating this attachment, the Court need not convert the instant Motion to Dismiss to a Motion for Summary Judgment, because Plaintiff does not dispute its authenticity, and also concedes she filed her charge on May 6, 2022, in her response. *Rivera,* 456 F. Supp. 3d at 335–36; (**ECF No. 36 at 12 n.1**). However, Defendant is reminded that per Local Rule 5(c), "all documents not in the English language . . . must be accompanied by a certified translation into English."

U.S. 662 (2009). The Court also concedes that there is a heightened standard when dismissing a claim based on a statute of limitations defense. *See López-Rivera,* 290 F. Supp. 3d at 141 ("The Court may grant a motion to dismiss on a limitations defense '*only* if the facts, so derived and viewed in the requisite perspective, "leave no doubt that an asserted claim is time-barred."'" (quoting *Warren Freedenfeld Assocs., Inc.*, 531 F.3d at 44)). However, by attaching the charge to its Motion to Dismiss, Defendant has shown without a doubt that Plaintiff's Title VII claim is time-barred. (**ECF No. 24-1**). The applicable timeframe to the case at bar is 180 days, and Plaintiff filed her complaint on day 298. Accordingly, Plaintiff's mere allegation that she has "timely filed the claim"—when the record clearly shows she has not—does not save her claim even at the motion to dismiss stage.

Plaintiff's argument citing to the work sharing agreement between the EEOC and ADU fares no better. Plaintiff cites to *Matos v. Roche Products Inc.*, a Supreme Court of Puerto Rico decision, where the court held that "the practical effect of [a] [p]laintiff[] filing a charge with the [ADU] is equivalent to filing the charge with the EEOC," and therefore, the charge is in "suspended animation," or tolled. (**ECF No. 36 at 11-12**) (citing *Matos v. Roches Products, Inc.*, RE-91-656, 1993 WL 839826 (P.R. Jan. 14, 1993)). Thus, Plaintiff asserts her charge was tolled on May 6, 2021, such that she is not time-barred from bringing this claim.

As previously established, Plaintiff's charge with the UAD was untimely. Plaintiff had 180 days to file the charge and instead did so on day 298. Any tolling that may have been applicable to her filing occurred well after the limitations period expired. Accordingly, the Court GRANTS Defendant's Motion as to Plaintiff's retaliation claim because it is time-barred.

**B. Puerto Rico Civil Code Damages**

As an initial matter, Plaintiff's fourth cause of action seeks tort damages pursuant to the Puerto Rico Civil Code. (**ECF No. 23 at 15 ¶¶ 95-103**). In so alleging, she does not cite to specific tort statutes. In its Motion to Dismiss, Defendant appropriately construes Plaintiff's request for "tort damages" to mean tort damages pursuant to Article 1802 (31 L.P.R.A. § 5141) and Article 1803 (31 L.P.R.A. § 5142) of the Puerto Rico Civil Code of 1930.[5] (**ECF No. 24 at 10**). Accordingly, the Court will proceed with its analysis under the aforementioned applicable statutes.

Under Puerto Rico law, "a claim brought under its general tort statute Article 1802 is not cognizable where it 'arises from the same facts as plaintiff's claims under the ADA [or other special legislation].' This is so because 'the tort provision of the Civil Code is supplementary to special legislation.'" *Roman v. Hatillo Cash and Carry, Inc.*, 17-cv-1577, 2019 WL 8759095, at *6 (D.P.R. June 24, 2019) (quotations omitted). "The Puerto Rico Supreme Court 'has been consistent in construing the statute restrictively' and refusing 'to accept the thesis that the lawmaker left the door open to any other relief or cause of action provided by a general statute' like Article 1802." *Arroyo-Flores v. IPR Pharm., Inc.*, 15-cv-1998, 2017 WL 944194, at *20 (D.P.R. Mar. 9, 2017) (quoting *Pagán-Renta v. Walgreens of San Patricio, Inc.*, 190 D.P.R. 251 (P.R. 2014)). Accordingly, "[s]everal courts within the District of Puerto Rico have explained that the provisions of the Puerto Rico Civil Code are supplementary to special legislation like Title VII, and that a special law prevails over a general law like article 1802." *Irizarry-Santiago v. Essilor Industries*,

---

[5] Because the events giving rise to this action took place after the new Puerto Rico Civil Code of 2020 came into effect, the updated provisions are as follows: Article 1536 (31 L.P.R.A. § 10801) and Article 1540 (31 L.P.R.A. § 10805). The provisions are extremely similar and thus can be used interchangeably for purposes of this analysis.

982 F. Supp. 2d 131, 140 (D.P.R. 2013) (collecting cases). "[S]o, to the extent that a special labor law covers the conduct for which a plaintiff seeks damages, she is barred from using that same conduct as the basis for a claim under 1802." *Aguirre v. Mayaguez Resort & Casino, Inc.*, 59 F. Supp. 3d 340, 357 (D.P.R. 2014) (citing *Rivera-Meléndez v. Pfizer Pharm., Inc.*, 747 F. Supp. 2d 336, 339 (D.P.R. 2010); *Medina v. Adecco*, 561 F. Supp. 2d 162, 175-76 (D.P.R. 2008)); *see also Santiago Ortiz v. Caparra Ctr. Associates, LLC*, 261 F. Supp. 3d 240, 250 (D.P.R. 2016) ("[P]laintiffs may not claim emotional distress damages under Article 1802 because the federal statute which governs their claim—Title III—limits their remedy to injunctive relief." (citing *Pagán-Renta*, 190 D.P.R. at 262, 264)); *Martinez v. Nat'l. U. College,* 18-cv-1975, 2020 WL 1933646, at *8 (D.P.R. Apr. 21, 2020) ("Consequently, 'an Article 1802 claim is not cognizable [when] it arises from the same facts as plaintiff's claims under the ADA.'" (quoting *Aguirre*, 59 F. Supp. 3d at 357)).

In its Motion to Dismiss, Defendant maintains that because Plaintiff seeks relief under the ADA, Title VII, Act No. 44, and Act No. 115, which are special laws, she is precluded from recovering under the general tort statutes cited. (**ECF No. 24 at 9**). Plaintiff does not respond to Defendant's argument in her opposition. Regardless, the Court agrees with Defendant's assertion.

Simply put, Plaintiff does not allege any separate facts indicating tortious conduct on the part of Defendant such that she is entitled to relief under Articles 1802 and 1803. (**ECF No. 23 at 15 ¶¶ 95-102**). Under the relevant heading, she simply "re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein" in addition to general non-factual statements. *Id*. at 15 ¶ 95. "Given that [P]laintiff predicates her claim on conduct arguably covered by the [aforementioned special laws] . . . the action under Article 1802 must be dismissed." *Echevarria v. AstraZeneca, LP*, 133 F. Supp. 3d

372, 408 (D.P.R. 2015), *aff'd sub nom. Echevarria v. AstraZeneca Pharm. LP*, 856 F.3d 119 (1st Cir. 2017). "She simply has not pointed to any record support for her assertion that her Article 1802 claim is premised on independent conduct, and we reject it for that reason." *Echevarria,* 856 F.3d at 139; *see also Arroyo-Flores*, 2017 WL 944194, at *20 ("Because [the plaintiff] attempts to shoehorn into the Article 1802 claim the same allegations which form the basis of the claims arising from his employment relationship with [the defendant], and because he does not otherwise identify distinct tortious conduct that buttresses the Article 1802 claim, the Article 1802 claim is not cognizable under the circumstances of this case. Therefore, [the plaintiff's] Article 1802 claim is dismissed."). Accordingly, the Court GRANTS Defendant's Partial Motion as to this argument and DISMISSES Plaintiff's claim for relief under Articles 1802 and 1803.[6]

### C. Section 16 of Article II of the Constitution of the Commonwealth of Puerto Rico

Section 16 reads as follows:

> The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection against risks to his health or person in his work or employment, and to an ordinary workday which shall not exceed eight hours. An employee may work in excess of this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed.

P.R. Const. art. II, § 16. In alleging Defendant retaliated against her, Plaintiff also seeks relief under Section 16. (**ECF No. 23 at 13 ¶ 80**). In its Motion to Dismiss, Defendant maintains—similar to above—that Section 16 is a general statute that Plaintiff is precluded from seeking relief under. (**ECF No. 24 at 9**). Defendant states

---

[6] The Court need not opine as to Defendant's argument that had Plaintiff sought redress under Act 90 (29 L.P.R.A. § 3111 et seq.) instead, her claim would still fail, because Plaintiff did not do so.

> [t]here is no doubt that the invoked employment statues (the ADA, Act No. 44, Title VII[,] and Act No. 115) are special laws within the meaning of Article 27 of Puerto Rico's Civil Code, whereas Section 16 of Article II of the Constitution of the Commonwealth of Puerto Rico and certain provisions of the Puerto Rico Civil Code are general statues that may provide for damages claims.

*Id.*

Like Plaintiff's claim for damages under Article 1802 and 1803, the Court will dismiss Plaintiff's claim damages under Section 16. Plainly, the conduct for which Plaintiff seeks these damages for is already covered by the remaining claims asserted. *Galarza-Cruz v. Grupo HIMA San Pablo, Inc.*, 17-cv-1606 (PAD), 2018 WL 324863, at *1 (D.P.R. Jan. 8, 2018) ("Because those claims are essentially predicated on allegations covered by specific labor or employment statutes, plaintiff is barred from using the same conduct to also bring a claim under other provisions."). Moreover, Plaintiff did not address Defendant's contention that her Section 16 claim was barred. Accordingly, Plaintiff waived any opposition to this argument. *Koltin v. City of Fall River,* No. CV 14-13749-NMG, 2015 WL 6504337, at *1-2 (D. Mass. Sept. 1, 2015) (first citing *Vallejo v. Santina-Padilla*, 607 F.3d 1, 7, 7 n.4 (1st Cir. 2010); and then citing *Coons v. Industrial Knife Co., Inc.*, 620 F.3d 38, 44 (1st Cir. 2010)), *report and recommendation adopted in part, rejected in part*, No. CV 14-13749-NMG, 2015 WL 5749455 (D. Mass. Sept. 30, 2015) ("Plaintiff, represented by counsel, filed an opposition but only addresses the section 1983 claim. . . . Accordingly, plaintiff waived any basis for opposing the arguments that do not address a section 1983 claim made by defendants, . . . in their motions to dismiss.").

### I.　　Conclusion

For the aforementioned reasons, the Court GRANTS Defendant's Partial Motion to Dismiss and Plaintiff's Title VII retaliation claim and request for damages under

Articles 1802 and 1803 of the Puerto Rico Civil Code and Section 16 of Article II of the Constitution of the Commonwealth of Puerto Rico are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of July, 2023.

                                        S/ MARÍA ANTONGIORGI-JORDÁN
                                            **United States District Judge**