**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ELSIE A. ORELLANO-LAUREANO,**
***Plaintiff,***

**v.**

**INSTITUTO MEDICO DEL NORTE, INC., *et al.*,**
***Defendants.***

Civ. No. 22-01322 (MAJ)

**OPINION AND ORDER**

## I. Introduction

On July 6, 2022, Elsie A. Orellano-Laureano ("Plaintiff") filed the instant action against Instituto Médico del Norte, Inc., ("Instituto" or "Defendant"), a hospital located in Vega Baja, Puerto Rico.[1] (**ECF No. 1**); (**ECF No. 45**). After the Court granted Instituto's first Partial Motion to Dismiss (**ECF No. 24**), the surviving claims in the case were Plaintiff's allegations of disability discrimination and wrongful termination in violation of the Americans with Disabilities Act ("ADA") and Puerto Rico law, respectively (**ECF No. 38**).

Subsequently, on October 19, 2023, Plaintiff sought to amend her Complaint to include a retaliation claim under the ADA following receipt of a "Right to Sue Notice" from the Equal Employment Opportunity Commission ("EEOC"). (**ECF No. 40-2 at 1**).[2] The

[1] Defendant Chubb Insurance was not named as a defendant in the instant matter until the filing of Plaintiff's Third Amended Complaint. (**ECF No. 45**).

[2] Plaintiff also attached the charge she filed with the Antidiscrimination Unit which is in the Spanish language. (**ECF No. 40-1 at 1**). Plaintiff is reminded that all documents not in English must be filed with a certified English translation pursuant to Local Rule 5(c).

Court granted Plaintiff's Motion to Amend, and she filed a Third Amended Complaint (the "Complaint") which serves as the operative complaint. (**ECF No. 45**).

Pending before the Court is Defendant's Partial Motion to Dismiss (the "Motion") under Federal Rule of Civil Procedure 12(b)(6), which seeks dismissal of the retaliation claim under the ADA.[3] (**ECF No. 49**). Plaintiff filed a response, to which Defendant replied (**ECF Nos. 60, 63**). For the reasons stated hereafter, the Court **GRANTS** Defendant's Motion to Dismiss.

## II. Background

Plaintiff is a dietician currently domiciled in Florida. (**ECF No. 45 at 4 ¶ 10; 5 ¶ 20**). She alleges she suffers from a disability that affects the major life activities of waste elimination, standing, and sitting. *Id.* at 5 ¶¶ 16-18. She began her employment with Defendant in September 2017 as a Clinical Dietician in the hospital. *Id.* at 5 ¶¶ 19-20. Thereafter, Plaintiff alleges she was promoted to Clinical Supervisor, and then Director of the Department of Nutritional Services ("Director").[4] *Id.* at 6 ¶ 22. As Director, Plaintiff alleges her responsibilities included, among other things, overseeing and monitoring the cafeteria of Defendant, and supervising the employees of Defendant. *Id.* at 6 ¶ 23. Plaintiff alleges that during her tenure as Director, the cafeteria was understaffed. *Id.* at 6 ¶ 26. As a result, the existing employees were overworked, the quality of service decreased, and she was forced to close the cafeteria on occasion in order to abide by state and federal

---

3 Defendant Chubb Insurance moved the Court to join the instant motion, which the Court granted. (**ECF Nos. 67-68**).

4 Plaintiff states she was the "*de facto* Director of the Department of Nutritional Services since April 2019 because the prior Director was suffering from cancer treatment and she was absent throughout 2019 and 2020." (**ECF No. 45 at 6 ¶ 24**) (emphasis in original). It is unclear when or if she was ever formally promoted to this position.

health regulations.[5] *Id.* at 6 ¶¶ 28-29. Accordingly, she alleges she "constantly" made requests to Defendant's Human Resources Department ("HR Department") to hire more employees. *Id.* at 6 ¶ 27.

In April 2021, Plaintiff filed a complaint against Jenny Gómez—an Instituto Médico employee—for creating a hostile work environment. *Id.* at 7 at ¶ 35. In May 2021, Plaintiff requested a fifteen-day leave of absence, starting on June 9, 2021, to address health concerns related to a surgery she was scheduled to undergo. *Id.* at 8 ¶¶ 37-38. Prior to leaving in June 2021, Plaintiff informed Instituto Médico's President that the cafeteria still suffered from understaffing and that she would be taking a leave of absence. *Id.* at 8 ¶¶ 39-40. The President acknowledged he was aware of the situation. *Id.* at 8 ¶ 41.

On June 24, 2021, Plaintiff returned to work where she continued working as the Director. *Id.* at 8 ¶ 42. On July 9, 2021, she alleges she was forced to close the cafeteria due to being short staffed. *Id.* at 8 ¶ 43. On July 13, 2021, Plaintiff alleges she was summoned to a meeting where she was informed verbally that she was being terminated for closing the cafeteria without authorization, and for failing to reduce employees' overtime. *Id.* at 9 ¶ 45. Plaintiff asserts this was a shock to her, as she had the authority to close the cafeteria and Defendant was well aware of the staffing shortages and resultant overtime hours problem she was facing. *Id.* at 9 ¶¶ 46-49.

Plaintiff maintains she was actually terminated in retaliation for filing a complaint against Jenny Gómez, and because she is being discriminated against due to her disability. *Id.* at 9 ¶ 47. She asserts she timely filed charges of discrimination and retaliation "before the respective agency within three hundred (300) days after the

---

[5] Notably, Plaintiff alleges she closed the cafeteria in April 2021 for training purposes, to which she was not reprimanded. *Id.* at 7 ¶ 34.

adverse employment action." *Id.* at 3 ¶ 8. On December 23, 2022, Plaintiff received the Notice of Right to Sue from the EEOC pertaining to the discrimination charge, and on July 24, 2023, she received the Notice of Right to Sue from the EEOC pertaining to her retaliation claim under the ADA. *Id.* So followed this action.

## III. Legal Standard

When addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff []." *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009) (citing *Fitzgerald v. Harris*, 549 F.3d 46, 52 (1st Cir. 2008). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief' [with] more than labels and conclusions." *Ruiz-Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008); *see also Ocasio-Hernández* v. *Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("[I]n order to 'show' an entitlement to relief, a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (quoting *Twombly*, 550 U.S. at 555). Thus, a plaintiff is required to present allegations that bring "their claims across the line from conceivable to plausible" to comply with the requirements of Rule 8(a). *Twombly*, at 570; *see, e.g., Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's analysis occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662. "Context based" means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, at 680-81 (concluding that plaintiff's complaint was factually insufficient to substantiate the

required elements of a *Bivens* claim, leaving the complaint with only conclusory statements).

First, the Court must "accept as true all of the allegations contained in a complaint [,]" discarding legal conclusions, conclusory statements, and factually threadbare recitals of the elements of a cause of action. *Iqbal*, at 678; *see also Mead v. Independent Ass'n*, 684 F.3d 226, 231 (1st Cir. 2012) ("Any statements in the complaint that are either legal conclusions couched as facts or bare bones recitals of the elements of a cause of action are disregarded." (citing *Iqbal*, at 678; *Ocasio-Hernández*, at 12)).

In the second step of the analysis, the Court must determine whether, based on all assertions not discarded in the first step, the complaint "states a plausible claim for relief." *Iqbal*, at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or, instead, whether dismissal under Federal Rule of Civil Procedure 12(b)(6) is warranted. *Id.*

"To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim for relief." *Doe v. Stonehill College, Inc.*, 55 F.4th 302, 316 (1st Cir. 2022) (citing *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 682 (citing *Twombly*, 550 U.S. at 567).

The First Circuit has warned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded

facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernández*, at 12 (citing *Iqbal*, at 681); *see also Twombly*, at 556 ("[A] well-pleaded complaint may proceed even if it appears that a 'recovery is very remote and unlikely.'" (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))); *Ocasio-Hernández*, at 12 ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" (citing *Twombly*, at 556)). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29 (citing *Iqbal*, at 678-79).

But a complaint that rests on "bald assertions" and "unsupportable conclusions" will likely not survive a motion to dismiss. *See Alston v. Spiegel*, 988 F.3d 564, 573 (1st Cir. 2021) (quoting *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 55 (1st Cir. 2006)). Similarly, bare factual assertions as to the elements of the cause of action are inadequate as well. *Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595-96 (1st Cir. 2011) (citing *Sánchez v. Pereira-Castillo,* 590 F.3d 31, 49 (1st Cir. 2009); *Maldonado v. Fontanes*, 568 F.3d 263, 274 (1st Cir. 2009)). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Peñalbert-Rosa*, 631 F.3d at 596.

Finally, "[a]lthough documents not attached to the complaint are prohibited unless the proceeding is properly converted into one for summary judgment under Rule 56, [] courts have made exceptions 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" *Rivera v. Marriott Intl., Inc.*, 456

F. Supp. 3d 330, 335–36 (D.P.R. 2020) (underline omitted) (citation omitted) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). A court may also consider "'concessions' in plaintiff's 'response to the motion to dismiss.'" *Rivera*, 456 F. Supp. 3d at 335 (quoting *Nieto-Vicenty v. Valledor*, 984 F. Supp. 2d 17, 20 (D.P.R. 2013)).

## IV. Discussion

In brief, Defendant's Motion to Dismiss seeks dismissal of Plaintiff's newly stated retaliation claim under the ADA because she failed to timely exhaust her administrative remedies. (**ECF No. 49**). In response, Plaintiff counters with three arguments. First, she maintains that her allegation that she timely filed the charge suffices at this stage of the proceedings, as she is not required to plead a prime facie case at the pleading stage. (**ECF No. 60 at 1-6**). Second, she argues that due to the work sharing agreement between the EEOC and the relevant Puerto Rico state agency, her charge was tolled the day she filed it such that it is still timely. *Id.* at 6-12. Finally, Plaintiff contends that her retaliation claim is reasonably related to her initial charge of discrimination, and thus, her claim is timely. *Id.* at 13-15. The Court disagrees.

"Claims of employment discrimination and retaliation under the ADA are subject to the procedural requirements of Title VII of the Civil Rights Act of 1964." *Rivera-Díaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 389 (1st Cir. 2014) (citing 42 U.S.C. §§ 2000e-5 to 9). "Under this procedural regime, litigation is 'not a remedy of first resort' for either discrimination or retaliation cases." *Rivera-Díaz*, 748 F.3d at 389 (quoting *Jorge v. Rumsfeld*, 404 F.3d 556 at 564 (2005)). "Rather, a would-be plaintiff must first exhaust his administrative remedies." *Id.*

For retaliation claims under Title VII and thus, the ADA, the standard filing deadline is 180 days. *See Velázquez-Pérez v. Developers Diversified Realty Corp.*, 753

F.3d 265, 276 (1st Cir. 2014) (citing 42 U.S.C. § 2000e-5(e)(1)). However, in "deferral" jurisdictions, where States or local agencies *have the authority* to grant the relief requested, the filing period expands to 300 days. *Velázquez-Pérez*, 753 F.3d at 276 (quoting 42 U.S.C. § 2000e-5(e)(1)); *see also Rivera-Díaz*, 748 F.3d at 390.

Thus, the Court must first determine "(1) whether [Plaintiff] 'initially instituted proceedings with a State or local agency,' specifically the Antidiscrimination Unit of the Puerto Rico Department of Labor and Human Resources ("ADU"),[6] and (2) whether that state agency had 'authority to grant or seek relief from the [challenged] practice.'" *Velázquez-Pérez*, 753 F.3d at 276 (quoting 42 U.S.C. § 2000e-5(e)(1)). Only then can the requisite filing period and timeliness of Plaintiff's charge be established.

Plaintiff alleges she:

> filed timely charges of discrimination on the basis of disability and retaliation before the respective agency within three hundred (300) days after the adverse employment action. Specifically, on May 6th 2022, [] Plaintiff filed two Charges of Discrimination: 1) a Charge of Discrimination for Disability Discrimination . . . and 2) a Charge of Discrimination for Retaliation . . . .

(**ECF No. 45 at 3 ¶ 8**). She thereafter alleges she received a Notice of Right to Sue Letter on December 23, 2022, approving her Charge of Discrimination, and a Notice of Right to Sue Letter on July 24, 2023, approving her Charge of Discrimination for Retaliation. *Id.* The instant Motion to Dismiss pertains to the Charge of Discrimination for Retaliation.

Though Plaintiff does not specifically allege what agency she filed the Charge of Discrimination for Retaliation with, she attached the Charge to her Motion to Amend. (**ECF No. 40-1 at 1**). The Charge itself indicates she filed it with the ADU on May 6,

---

6 ADU is the equivalent of the Commonwealth of Puerto Rico Department of Labor, which is recognized as a Federal Employment Practice Agency in cases of retaliation *only* when the charges stem from alleged sexual harassment. *Rivera-Díaz*, at 390 (citing 29 C.F.R. § 1601.74 n.6).

2022. *Id*. As a reminder, Plaintiff alleges her termination on July 13, 2021, was the retaliatory act committed by Defendant. (**ECF No. 45 at 13 ¶ 80**). Therefore, Plaintiff filed her charge with the ADU 298 days after the adverse action.

The ADU is recognized as a Federal Employment Practice Agency in cases of retaliation *only* when the charges stem from alleged sexual harassment. *Rivera-Díaz*, at 390 (citing 29 C.F.R. § 1601.74 n.6). Plaintiff's pending retaliation claim under the ADA does not stem from sexual harassment. Accordingly, the ADU does not have jurisdiction over Plaintiff's claim. Plaintiff was therefore required to file her charge within 180 days of the alleged retaliation. *Velázquez-Pérez*, at 276; *Rivera-Díaz*, at 390. Instead, Plaintiff did so on day 298, and "unexcused failure to meet this deadline forecloses recourse to the courts." *Rivera-Díaz,* at 390 (citing *Jorge*, 404 F.3d at 564). Accordingly, Plaintiff's retaliation claim under the ADA is not properly exhausted, and Plaintiff's arguments to the contrary do not save her claim.

First, Plaintiff is correct that at this stage in the proceedings *Iqbal* and *Twombly* dictate the "plausibility standard" is to be applied. *Twombly*, at 544; *Iqbal*, at 556. However, in addition to the Court's review of the charge itself, Plaintiff herself states she filed the claim on May 6, 2022. (**ECF No. 45 at 3 ¶ 8**). As mentioned, the applicable timeframe to the case at bar is 180 days, and Plaintiff filed her complaint on day 298. Accordingly, Plaintiff's mere allegation that she timely filed the claim—when the record clearly shows she has not—does not save her claim, even at the motion to dismiss stage. (**ECF No. 45 at 3 ¶ 8**).

Plaintiff's argument concerning the work sharing agreement between the EEOC and ADU fares no better. Plaintiff cites to *Matos v. Roche Products Inc.*, a Supreme Court of Puerto Rico decision, where the court held that "the practical effect of [a] [p]laintiff[]

filing a charge with the [ADU] is equivalent to filing the charge with the EEOC," and therefore, the charge is in "suspended animation," or tolled. (**ECF No. 60 at 11**) (citing *Matos v. Roches Products, Inc.*, RE-91-656, 1993 WL 839826 (P.R. Jan. 14, 1993)). As such, Plaintiff asserts her charge was tolled on May 6, 2022, because her claim was timely filed with the ADU. As previously established, Plaintiff's charge with the ADU was untimely. Plaintiff had 180 days to file the charge and instead did so on day 298. Accordingly, any tolling that may have been applicable to her filing occurred well after the limitations period expired.

Finally, Plaintiff argues her retaliation charge should survive because it was "reasonably related" to the discrimination charge she also filed on May 6, 2022. (**ECF No. 60 at 13**). Citing the U.S. Court of Appeals for the Sixth Circuit, she states this exception exists because "charges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include the exact wording which might be required in a judicial proceeding." *Id.* at 14 (internal quotations omitted) (citing *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998)).[7] Though the Court concedes the First Circuit has recognized a similar exception in *Clockedile v. New Hampshire Dep't of Corr.*, it finds it inapplicable to the case at bar. 245 F.3d 1 (1st Cir. 2001).

---

7 The Sixth Circuit notably also states that "[t]his expanded rule does not mean, however, that plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court. When the EEOC investigation of one charge *in fact* reveals evidence of a different type of discrimination against the plaintiff, a lawsuit based on the newly understood claim will not be barred." *Davis v. Sodexho,* 157 F.3d at 463.

In *Clockedile*, the First Circuit found that "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency—*e.g.*, the retaliation is for filing the agency complaint itself." 245 F.3d at 6. This is to ensure employees are protected in the event they are retaliated against for filing an initial administrative charge, which could discourage them from adding a new claim of retaliation thereafter. *Id.*

However, the adverse action alleged by Plaintiff was not in response to the filing of her Charge of Discrimination for Disability Discrimination. (**ECF No. 45 at 13 ¶** 77). It was, according to her, because she filed an internal complaint about a hostile work environment. *Id*. Accordingly, *Clockedile* is inapposite to the instant matter. *See Medina-Carmona v. XLD Invs. (Puerto Rico), LLC,* 19-cv-1502, 2020 WL 813687, at *2 (D.P.R. Feb. 18, 2020) ("In short, *Clockedile* found that retaliatory events that occurred *after* an EEOC claim were actionable without an additional administrative charge . . . .") (emphasis in original).

Regardless, the Supreme Court addressed this issue squarely in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In *Morgan*, the plaintiff "sought to recover damages for all discrete acts of discrimination and retaliation, including those that occurred before the statutory period, i.e. more than three hundred days prior to his EEOC charge." *Medina-Carmona*, 19-cv-1502, 2020 WL 813687, at *2 (citing *Morgan*, at 105-06). The Supreme Court held that "the statute precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *Morgan*, at 105. The Court elaborated that:

> discrete discriminatory [and retaliatory] acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Because each discrete act starts a new clock for filing charges alleging that

> act, the charge must be filed within the 180—or 300—day time period after the act occurred.

*Id.* at 113. Simply put, "discrete acts that fall within the statutory time period do not make timely[,] acts that fall outside of the time period." *Id.* at 112. Notably, termination is considered a discrete act. *Id.*

As mentioned, Plaintiff was required to file her retaliation charge based off her termination within 180 days, and instead filed both charges on day 298. Although the filing of the discrimination charge was within the acceptable time frame, it does not extend or renew the deadline for the retaliation claim that was filed late. *See id.* at 112. The connection between the charges, regardless of how closely related they might be, does not affect this outcome. As a result, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's retaliation claim under the ADA.

## V. Conclusion

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. (**ECF No. 49**).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of March, 2024.

***/s/ María Antongiorgi-Jordán***
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**